UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HOLLY BAUMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:17-cv-02553-NCC |
| SABRELINER AVIATION, LLC d/b/a SABRELINER AVIATION, and TARA GREMMINGER, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Holly Bauman's Motion to Remand (Doc. 11). The Motion is fully briefed and ready for disposition. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c) (Doc. 10). For the following reasons, Plaintiff's Motion will be **GRANTED** and this action will be **REMANDED** to the 24th Judicial Circuit Court, St. Genevieve County, Missouri.

### I. Background and Relevant Facts

On August 26, 2017, Plaintiff Holly Bauman ("Plaintiff") filed this action against Defendants Sabreliner Aviation, LLC d/b/a Sabreliner Aviation ("Sabreliner") and Tara Gremminger ("Gremminger") (collectively "Defendants") for employment discrimination and retaliation under the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010 *et seq.* (Doc. 5). Sabreliner removed this action to federal court on October 10, 2017 pursuant to 28 U.S.C. § 1332 (Doc. 1). Sabreliner does not dispute that Plaintiff and Defendant Gremminger are citizens of Missouri but, instead, argues that Defendant Gremminger is fraudulently joined

and she is, therefore, not considered for purposes of removal (*Id.* at 7). Accordingly, on October 17, 2017, Defendant Gremminger filed a Motion to Dismiss the claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 8). On October 23, 2017, Plaintiff filed a Motion to Remand asserting that Defendant Gremminger was neither improperly nor fraudulently joined in this action (Doc. 11). Subsequently, the parties filed, and the Court granted, a Consent Motion to Stay Proceedings Pending Ruling on Plaintiff's Motion for Remand including briefing on the Motion to Dismiss (Docs. 13, 14).

In her Petition, Plaintiff alleges that she told Defendant Gremminger, Sabreliner's Human Resources Director, she was being subjected to discriminatory treatment and Defendant Gremminger acknowledged that her complaints were valid (Doc. 5 at ¶¶23, 25(c)). Defendant Gremminger knew or should have known that gender discrimination, such as that described to her by Plaintiff, was unlawful, yet she did nothing to stop the discrimination directed toward Plaintiff (*Id.* at ¶55). Plaintiff further alleges that she suffered unlawful retaliation after complaining to Defendant Gremminger about discrimination Plaintiff was subjected to, Defendant Gremminger knew or should have known that retaliation against Plaintiff for complaining of discrimination was unlawful and Defendant Gremminger did nothing to prevent or stop the retaliation (*Id.* at ¶¶26, 55). Finally, Plaintiff alleges that Defendant Gremminger was the individual who terminated Plaintiff on December 16, 2016, two days after she inquired of Defendant Gremminger as to the status of her salary increase and unpaid commission (*Id.* at ¶40). In support of these allegations, Plaintiff submitted a copy of her Charge of Discrimination as well as her Amended Charge of Discrimination (Doc. 5-1). The Amended Charge of Discrimination names Defendant Gremminger (*Id.*).

## II. Analysis

An action may be removed from state court to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a). If the case is not within the original jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). A removing defendant "bears the burden of establishing that the district court ha[s] original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

A defendant can remove a civil action from state court to federal court on the basis of diversity of citizenship. 28 U.S.C. § 1441(b). While such removal requires complete diversity, "a federal court will not allow removal to be defeated by the collusive or fraudulent joinder of a resident defendant." *Reeb v. Wal-Mart Stores, Inc.*, 902 F. Supp. 185, 187 (E.D. Mo. 1995). To establish fraudulent joinder, the defendant must "prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson*, 634 F.3d at 980 (quoting *Filla v. Norfolk S. Ry Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). Courts may pierce the pleadings in order to determine the issue of fraudulent joinder. *Parnas v. General Motors Corp.*, 879 F.Supp. 91, 93 (E.D. Mo. 1995).

Defendants argue that Defendant Gremminger is fraudulently joined because she does not qualify as an employer and therefore cannot be liable under the MHRA. The MHRA makes it an unlawful employment practice for an "employer" to discriminate against any individual on the basis of the individual's sex and makes it an unlawful discriminatory practice to "retaliate or discriminate in any manner against any other person because such person has opposed any

practice prohibited by this chapter or because such person has filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding or hearing conducted pursuant to this chapter." Mo. Rev. Stat. §§ 213.055.1(1)(a), 213.070.1(2). The MHRA defines "employer" as "any person employing six or more persons within the state, *and any person directly acting in the interest of an employer*[.]" Mo. Rev. Stat. § 213.010(7) (emphasis added). "[T]he MHRA is intended to reach not just the corporate or public employer but any person acting directly in the interest of the employer" and "[a] supervisory employee clearly falls into that category." *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669 (Mo. 2009). "[T]he plain and unambiguous language under this definition of employer imposes individual liability in the event of discriminatory conduct" but "Missouri cases have only allowed for individual liability under the MHRA when the individuals directly oversaw or were actively involved in the discriminatory conduct." *Reed v. McDonald's Corp.*, 363 S.W.3d 134, 139-40 (Mo. Ct. App. 2012).

Defendants assert that Plaintiff's Petition is insufficient as a matter of law in stating a claim against Defendant Gremminger as a person directly acting in the interest of an employer because Defendant Gremminger did not directly oversee nor was she actively involved in the discriminatory conduct (Doc. 15 at 2). In support of their assertion, Defendants provide the Court with a declaration and a supplemental declaration from Defendant Gremminger (Docs. 15-1, 19-1). In her declarations, Defendant Gremminger indicates that she did not supervise Plaintiff during her employment with Sabreliner nor was she responsible for whether, when, or how to implement Sabreliner's discrimination, harassment and/or retaliation policies (Docs. 15-1 at 1, 19-1 at 2). She further states that she did not counsel, advise or decide to hire Plaintiff, what Plaintiff was paid, to eliminate Plaintiff's position, or to terminate Plaintiff's employment (Doc. 15-1 at 1). She also notes that she was not present at the termination meeting and was

4

directed to prepare the termination letter (*Id.* at 1-2).  She also disputes that Plaintiff told her that Plaintiff was subjected to the alleged harassment (Doc. 19-1).

Plaintiff, on the other hand, alleges that Defendant Gremminger failed to stop the allegedly discriminatory conduct and was involved in Plaintiff's termination, a key component of Plaintiff's retaliation claim (Doc. 11 at 2).  Plaintiff alleges in her Petition that she complained to Defendant Gremminger about the discrimination, and Defendant Gremminger admitted that Plaintiff's complaints were valid but Defendant Gremminger could not take any action (Doc. 5 at ¶¶23, 25(c)).  The harassment continued unabated (*Id.* at ¶26).  Plaintiff also names Defendant Gremminger in her retaliation claim, Count III, and alleges that Defendant Gremminger is a management-level employee who knew or should have known of prohibitions against retaliation, did nothing to address the retaliation directed towards Plaintiff, and failed to implement effective and appropriate procedures to stop the retaliation of Plaintiff (*Id.* at ¶87).  Indeed, Plaintiff's termination notice, while unauthenticated, appears to be signed by Defendant Gremminger (Doc. 12-1).  Even if the Court were not to consider the termination letter, the Court notes that Defendant Gremminger was named in Plaintiff's Amended Charge of Discrimination (Doc. 5-1).

Viewing the facts alleged in Plaintiff's favor and considering the broad language of the MHRA's definition of "employer," the Court finds that Defendants have not established that Plaintiff's claims against Defendant Gremminger have no reasonable basis in fact and law.  *See Hayes v. Travelers Indem. Co.*, No. 4:12CV1233 CAS, 2012 WL 5285775, at *4 (E.D. Mo. Oct. 25, 2012) (finding no fraudulent joinder where plaintiff joined his HR director, who was not plaintiff's supervisor, but had allegedly "advised in" plaintiff's termination).  While the extent of Defendant Gremminger's involvement is unclear, that is not for this Court to decide.  "[I]n situations where the sufficiency of the complaint against the non-diverse defendant is

5

questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Filla*, 336 F.3d at 811 (internal quotations omitted). Moreover, there appears to be an unsettled issue of state law as to the scope of claims brought under section 213.070 and whether a defendant in those claims must be a supervisor or employer. *See generally Sinclair v. Charter Commc'ns, Inc.,* No. 4:13CV1146 CDP, 2013 WL 5707872, at *6 (E.D. Mo. Oct. 21, 2013) (noting "[t]he language of the retaliation provision of the MHRA, § 213.070, is 'exceedingly broad.'"). Therefore, the Court will remand Plaintiff's action for the state court to decide these issues.

Plaintiff additionally seeks costs and attorney's fees incurred in the preparation of the current Motion (Doc. 12 at 2, 9-10). Under 28 U.S.C. 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* Unusual circumstances include a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction. *Id.*

At the time of removal, Defendants had an objectively reasonable basis for removing this case to federal court. As addressed in more detail above, the law regarding employer status in the MHRA context is complex and unsettled. Therefore, in cases where such a "close question" is presented to the Court, the Court must find an objectively reasonable basis for removal.

*Martin*, 546 U.S. at 135. *See also Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 483 (8th Cir. 2015) (directing the court to consider "the objective merits of removal at the time of removal, irrespective of the ultimate remand."). Therefore, the Court will deny Plaintiff's request for costs and attorney's fees incurred in the preparation of the current Motion.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Holly Bauman's Motion to Remand (Doc. 11) is **GRANTED, in part** and **DENIED, in part** and this case is **REMANDED** to the 24th Judicial Circuit Court, St. Genevieve County, Missouri. A separate Order of Remand will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that all remaining pending motions are denied as moot in light of the Court's decision to remand this action.

Dated this 8th day of January, 2018.

                      /s/ Noelle C. Collins
                      NOELLE C. COLLINS
                      UNITED STATES MAGISTRATE JUDGE